ABRAMSON & DENENBERG, P.C.
BY: ALAN E. DENENBERG, ESQUIRE           ATTORNEY FOR PLAINTIFF
IDENTIFICATION NUMBER: 54161
1315 WALNUT STREET, 12TH FLOOR
PHILADELPHIA, PA 19107
(215) 546-1345

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR VAZQUEZ<br>2006 EAST HART LANE<br>PHILADELPHIA, PA 19134<br>      Plaintiff<br><br>v.<br><br>POLICE OFFICER JOHN<br>RAJKOWSKI<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA. 19102<br>      And<br>POLICE OFFICERS JOHN DOE<br>NUMBERS 1- 15<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA. 19102<br>      and<br>CITY OF PHILADELPHIA<br>LAW DEPARTMENT<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA. 19102<br>      Defendants | JURY TRIAL IS DEMANDED<br><br>CIVIL ACTION<br><br>NO.: |

## COMPLAINT

1.    Plaintiff, Victor Vazquez, is an individual and adult citizen of the Commonwealth of Pennsylvania, residing as captioned.

2.    Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

3. Defendant, Police Officer John Rajkowski, was at all material times an officer with the City of Philadelphia Police Department. Police Officer Rajkowski is being sued both individually and in his official capacity as an officer, agent and/or employee of the defendant, City of Philadelphia.

4. Defendants, Police Officers John Doe #'s 1-15, were at all material times officers with the City of Philadelphia Police Department. Police Officers John Doe #'s 1-15 are being sued both individually and in their official capacity as officers, agents and/or employees of the defendant, City of Philadelphia.

5. Defendant, City of Philadelphia, was at all material times charged with the responsibility of testing, hiring, training and supervising members of the Philadelphia Police Department, including in particular, Defendant, Police Officer John Rajkowski and Police Officers John Doe #1-15.

6. Defendants, Police Officer John Rajkowski and Police Officers John Doe #1-15, were at all material times employed as police officers by the defendant, City of Philadelphia and were acting within the course and scope of their employment, under color of state law and pursuant to the customs, policies and/or practices of the defendant, City of Philadelphia and the Philadelphia Police Department.

7. This court has jurisdiction over the Federal law claims pursuant to 28 U.S.C. §§1331 and 1343.

8. Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon which the complaint is based arose in and around the City of Philadelphia, which is in the Eastern District of Pennsylvania.

9. On or about January 1, 2008, at approximately 1:00 am, the plaintiff, Victor Vazquez, was attending a family New Year's Party at the home of his sister, located at 2264 Monmouth Street, in Philadelphia, Pennsylvania.

10. At the aforesaid date, time and location, the defendants, Police Officer John Rajkowski and/or Police Officers John Doe #'s 1-15 came to the scene in response to a fight which had taken place outside of the home.

11. The Plaintiff, Victor Vazquez, had been inside of the home when the fight broke out and had no involvement in the conflict which brought the police to the scene.

12. When the plaintiff, Victor Vazquez went outside in response to the commotion, he saw his brother lying injured on the ground with an unidentified police officer standing nearby.

13. The Plaintiff, Victor Vazquez lifted his hands in the air to indicate that he was not a threat to the officer, advised the officer that he was the brother of the injured man and asked the police officer what had happened to his brother.

14. An unidentified police officer commanded the plaintiff, Victor Vazquez to "back up" which the plaintiff immediately proceeded to do while still keeping his hands in the air.

15. As the Plaintiff was backing away, the defendant, Police Officer John Rajkowski and/or Police Officer John Doe #1 suddenly stuck the plaintiff in the left side of his face with a police baton without warning, and with force that was excessive, unnecessary and unreasonable under the circumstances.

16. The Plaintiff was not resisting arrest, interfering with the police investigation, causing a disturbance or doing anything else which might justify the use of

force against him when he was struck in the face by the defendant, Police Officer John Rajkowski and/or Police Officer John Doe # 1.

17. After being struck in the face, the Plaintiff's family members helped him back into the house, as Plaintiff verbally complained that he had not done anything to warrant the use of force upon him by Defendant, Police Officer John Rajkowski and/or Police Officer John Doe #1, and verbally requested that the defendant provide him with his badge number.

18. When the defendant, Police Officer John Rajkowski and/or Police Officer John Doe #1 heard the plaintiff asking for his badge number, he became even more aggressive and demanded that the Plaintiff be brought back out of the house to face him again.

19. The Defendant Police Officers Police Officer John Rajkowski and/or John Doe #1 and/or John Doe #'s 2-15 thereupon forced entry into the home, seized the Plaintiff, forcefully threw him against a wall and began beating him and his family members with their nightsticks before throwing the plaintiff onto the ground and continuing to punch, kick and otherwise batter the Plaintiff with extreme force that was unreasonable under the circumstances.

20. The defendant's thereupon dragged the plaintiff out the front door and down the stairs of the home before slamming his head against the hood of a police cruiser and beating him further, as Police Officer John Rajkowski and/or Police Officer John Doe #1 came over to join in the beating by striking the plaintiff on or about the face and head.

21. Plaintiff was thereafter handcuffed, placed under arrest and charged with disorderly conduct and resisting arrest.

22. The defendants did not have probable cause to arrest the plaintiff, and the Plaintiff was not resisting arrest, being disorderly or causing any disturbance when he was subjected to excessive force by the Defendant police officers.

23. All charged filed against the Plaintiff were later dismissed or terminated in the Plaintiff's favor.

24. The defendants' use of force and arrest of the Plaintiff violated the Plaintiff's rights under the Fourth Amendment of the United States Constitution.

25. As the direct and proximate result of the unconstitutional use of force by the defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, on the Plaintiff, the Plaintiff received serious physical injuries, including, but not limited to a broken nose, and numerous lacerations and contusion on and about the face, head, torso and back.

26. As a direct and proximate result of the aforementioned unconstitutional actions of the defendants, Police Officer John Rajkowski and/or Police Officer John Doe #1-15, the plaintiff, Victor Vazquez, was forced to receive and undergo medical care and treatment and has been obliged to and may continue to expend various sums of money and to incur various expenditures for for an indefinite period of time in the future, to his great detriment and loss.

27. As a direct and proximate result of the aforementioned unconstitutional actions of the defendants, Police Officer John Rajkowski and/or Police Officers John Doe

#1-15, the plaintiff, Victor Vazquez, has and/or may experience a loss of earnings and/or earning capacity.

28. As a direct and proximate result of the aforementioned unconstitutional actions of the defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, the plaintiff, Victor Vazquez, has and will hereafter incur other financial expenses and losses.

29. As a direct and proximate result of the aforementioned unconstitutional actions of the defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, the plaintiff, Victor Vazquez, has suffered severe emotional distress, mental anguish, loss of enjoyment of life and inconvenience.

<u>**COUNT I - 42 U.S.C. § 1983**</u>
<u>**EXCESSIVE USE OF FORCE**</u>
<u>**VICTOR VAZQUEZ V. POLICE OFFICERS JOHN RAJKOWSKI AND**</u>
<u>**JOHN DOE #'s 1-15**</u>

30. Paragraphs 1 through 29 are incorporated herein by reference, as though each were fully set forth herein at length.

31. As aforesaid, Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of defendant, City of Philadelphia and the Philadelphia Police Department intentionally and maliciously assaulted and battered the plaintiff, Victor Vazquez, and then continued to beat him about the face, head and body; deprived the plaintiff of his rights, privileges and immunities under the Constitution of the United States and the laws of the United States; in particular, the right to be free from excessive use of force by an officer; which violated the plaintiff's rights

under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and were in violation of 42 U.S.C. § 1983.

32. As aforesaid, Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of defendant, City of Philadelphia and the Philadelphia Police Department, intentionally and maliciously falsely arrested, imprisoned and prosecuted the Plaintiff, Victor Vazquez, without just cause or provocation; all of which actions violated the plaintiff's rights under the Fourth Amendment to the Constitution of the United States, the laws of the United States and were in violation of 42 U.S.C. § 1983.

33. As aforesaid, Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of defendant, City of Philadelphia and the Philadelphia Police Department, used their positions of authority, illegally and improperly, to punish the plaintiff, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and were in violation of 42 U.S.C. § 1983.

34. Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, have been deliberately indifferent to the rights of citizens of the City of Philadelphia to be free from excessive force, false arrest and imprisonment and malicious prosecution which deliberate indifference violates the plaintiff's rights under the Fourth and

Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. § 1983.

35. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, the plaintiff, Victor Vazquez, suffered injuries that are described above.

36. The aforesaid actions of Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the plaintiff, Victor Vazquez, demands compensatory and punitive damages against Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, jointly and/or severally, in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

<u>**COUNT II – 42 U.S.C. §1983**</u>
<u>**BYSTANDER LIABILITY**</u>
<u>**VICTOR VAZQUEZ V. POLICE OFFICERS JOHN RAJKOWSKI AND JOHN DOE #'S 1-15.**</u>

37. Paragraphs 1 through 36 are incorporated herein by reference, as though each were fully set forth herein at length.

38. Plaintiff, Victor Vazquez, believes and therefore avers that Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, encouraged and stood idly by while the plaintiff was subjected to excessive force and falsely arrested, which deprived the plaintiff of his constitutional rights and privileges under the Constitution of the United States and the laws of the United States.

39. Plaintiff, Victor Vazquez, believes and therefore avers that Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, encouraged and failed to prevent use of excessive force and false arrest of the plaintiff, which deprived the plaintiff, Victor Vazquez, of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the United States.

40. As aforesaid, Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, failed to fulfill their obligation to intervene when they had an independent and affirmative duty to prevent the use of excessive force against and false arrest of the plaintiff, Victor Vazquez.

41. As aforesaid, by encouraging and failing to intervene, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, effectively assisted each other in the beating, assaulting and battering the of plaintiff, Victor Vazquez, and therefore deprived the plaintiff of his rights and privileges under Fourth and Fourteenth Amendments of the Constitution of the United States.

42. The aforesaid actions of Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, in their individual capacities were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the plaintiff, Victor Vazquez, demands compensatory and punitive damages against Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, jointly and/or severally, in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT III - 42 U.S.C. § 1983
### MONELL CLAIM / UNCONSTITUTIONAL CUSTOM, POLICY AND PRACTICE
### VICTOR VAZQUEZ V. CITY OF PHILADELPHIA

43. Paragraphs 1 through 42 are incorporated herein by reference, as though each were fully set forth herein at length.

44. Plaintiff, Victor Vazquez, believes and therefore avers that the Philadelphia Police Department and defendant, City of Philadelphia, have adopted and maintained for many years a recognized and accepted policy, custom and/or practice of systematically beating and falsely arresting persons who verbally protest against mistreatment of others by the police, and subjecting individuals to the same type of treatment to which plaintiff was subjected, which policy, custom and/or practice constitutes the use of excessive force and false arrest and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. § 1983.

45. Plaintiff, Victor Vazquez, believes and therefore avers that the Philadelphia Police Department and defendant, City of Philadelphia, have adopted and maintained for many years a recognized and accepted policy, custom and/or practice, which allows for unconstitutional beating and arrests of persons by Philadelphia Police Officers, the same type of treatment to which the plaintiff was subjected, which policy, custom and/or practice violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. §1983.

46. Plaintiff, Victor Vazquez, believes and therefore avers, that at the time he was unconstitutionally beaten, the defendant, City of Philadelphia, knew or should have known of the aforesaid-described policy, custom and/or practice of the Philadelphia Police Department and it deliberately, knowingly and/or recklessly failed to take measures to stop or limit the policy, custom and/or practice, including, inter alia, providing proper training,

supervision, discipline and control of the officers, agents and/or employees of the Philadelphia Police Department.

47.  By failing to take action to stop or limit the policy, custom and/or practice of beating/over-charging suspects and by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, custom and/or practice, defendant, City of Philadelphia, condoned, acquiesced in, participated in and perpetrated the policy, custom and/or practice, in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States the laws of the United States and is in violation of 42 § 1983.

48. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendant, City of Philadelphia, the plaintiff, Victor Vazquez, suffered injuries that are described above.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the plaintiff, Victor Vazquez, demands compensatory damages against defendant, City of Philadelphia, in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars plus cost, interest, attorney's fees and delay damages.

### COUNT IV - 42 U.S.C. § 1983
### CONSPIRACY
### VICTOR VAZQUEZ V. POLICE OFFICER JOHN RAJKOWSKI AND POLICE OFFICERS JOHN DOE #'S 1-15

49.  Paragraphs 1 through 48 are incorporated herein by reference, as though each were fully set forth herein at length.

50.  As aforesaid, Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, entered into a conspiracy to beat the plaintiff and deny his constitutional rights and privileges under the Constitution of the United States and the laws of the United States.

51. As aforesaid, Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, performed overt acts in furtherance of the conspiracy.

52. As aforesaid, the conspiracy directly and proximately resulted in harm to the plaintiff, Victor Vazquez, including the deprivation of his rights and privileges under the Constitution of the United States and the laws of the United States.

53. Plaintiff, Victor Vazquez, believes and therefore avers, that the defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of the City of Philadelphia Police Department, provided intentional as well as unintentional support to the conspiracy to deprive the plaintiff, Victor Vazquez, of his rights and privileges under the Constitution of the United States and the laws of the United States.

54. As a direct and proximate result of the malicious, intentional and/or reckless actions of Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, the plaintiff, Victor Vazquez, suffered injuries, which are described above.

55. The aforesaid actions of defendants, Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, in their individual capacities were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the plaintiff, Victor Vazquez, demands compensatory and punitive damages against Defendants, Police Officer John Rajkowski and/or Police Officers John Doe #1-15, jointly and/or severally, in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

## COUNT V.
## FOURTH AMENDENT OF UNITED STATES CONSTITUTION
## VICTOR VAZQUEZ v. POLICE OFFICER JOHN RAJKOWSKI AND POLICE OFFICERS JOHN DOE #'S 1-15
## ILLEGAL SEIZURE AND FALSE IMPRISONMENT AND MALICIOUS PROSECUTION

56. Paragraphs 1-55 are incorporated herein by reference, as though each were fully set forth herein at length.

57. As aforesaid, defendants, Police Officer John Rajkowski and/or Police Officers John Doe #'s 1-15, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of City of Philadelphia police department; deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions the United States; in particular, the right to be free from illegal seizures and false imprisonment and malicious prosecutions; which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and were in violation of 42 U.S.C. §1983.

58. As a direct and proximate result of the malicious, intentional, and/or reckless actions of the defendants, Police Officer John Rajkowski and/or Police Officers John Doe #'s 1-15, the plaintiff suffered injuries that are described above.

59. The above-described actions of the defendants, Police Officer John Rajkowski and/or Police Officers John Doe #'s 1-15, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C.§§1983 and 1988, the plaintiff, Victor Vazquez, demand compensatory and punitive damages against the defendants, Police Officer John Rajkowski and/or Police Officers John Doe #'s 1-15, jointly and/or severally

in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

ABRAMSON & DENENBERG, P.C.

BY: /s/ Alan Denenberg
ALAN E. DENENBERG, ESQUIRE
ATTORNEY FOR PLAINTIFF